NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS DELL GRANT, | No.  22-55177 |
| Petitioner-Appellant, | D.C. No. 2:21-cv-05175-JFW-KES |
| v. | |
| KEN CLARK, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 7, 2024
Pasadena, California

Before:  CLIFTON, COLLINS, and LEE, Circuit Judges.

Marcus Dell Grant appeals the district court's denial of his § 2254 habeas petition challenging his state conviction and sentence for first degree murder and attempted murder.  *See* 28 U.S.C. § 2254.  Grant argues that the state prosecutor committed misconduct by mischaracterizing the terms of co-defendant and state witness Laurence Hunter's plea agreement in a manner that concealed the substantial

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

benefit Hunter was offered for testifying against Grant. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

"We review de novo the district court's decision to grant or deny a petition for writ of habeas corpus." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). At the same time, this court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a federal court may grant a writ of habeas corpus only if the state court adjudication (1) "was contrary to clearly established federal law as determined by the Supreme Court," (2) "involved an unreasonable application of such law," or (3) "was based on an unreasonable determination of the facts in light of the record before the state court." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).

Here, the California Court of Appeal did not unreasonably apply clearly established federal law, or make unreasonable determinations of fact, when it concluded the prosecutor did not violate Grant's due process rights by allegedly mischaracterizing Hunter's plea agreement.[1]

First, Grant argues that the prosecutor mischaracterized Hunter's plea agreement and misled the jury by implying Hunter might receive more than 31 years

---

[1] The California Supreme Court denied discretionary review of the California Court of Appeal's reasoned decision on the merits of Grant's claim. Thus, the relevant adjudication for purposes of our review is the California Court of Appeal's decision. *See Berghuis v. Thompkins*, 560 U.S. 370, 378–80 (2010).

even if he testified truthfully against Grant and implicated him in the murder. During closing, the prosecutor stated that the judge had discretion to sentence Hunter to between 31 years and 139-to-life "based on [Hunter's] testimony." Grant argues that this statement was misleading because it failed to convey that 31 years was a "sure thing" if the trial court found Hunter testified truthfully. But the California Court of Appeal reasonably concluded that there was "no reasonable likelihood that the jury would have understood the prosecutor's remarks in an objectionable manner." On their face, the prosecutor's comments did not specifically address what would happen if the judge concluded that Hunter testified truthfully. The state appellate court reasonably held that, viewed in context, the prosecutor's argument merely correctly underscored that "Hunter had to satisfy the trial judge that he had testified truthfully to receive any benefit under the plea agreement." Thus, the California Court of Appeal appropriately determined that there was no prosecutorial misconduct.

Second, Grant argues that the prosecutor mischaracterized Hunter's plea agreement and misled the jury by stating the judge could sentence Hunter to "anywhere" in between 31 years and 139-years-to-life. Grant argues this statement misled the jury because there were only two likely expected outcomes—Hunter would get 31 years if he testified truthfully against Grant, and 139-to-life if he did not. Grant argues possible sentences between the two extremes were limited by the

3

California Penal Code and by the trial court's earlier indication that there was "zero likelihood" it would strike one of Hunter's prior strikes. In other words, Grant argues that the prosecutor's statement obscured the stark contrast between the two sentences Hunter likely faced based on his testimony and thus obscured the magnitude of Hunter's incentive to testify against Grant.

On direct appeal, the California Court of Appeal found that Grant was "technically correct": the trial court did not have the discretion to sentence Hunter to "anywhere" between the two extremes—*i.e.*, any of the many thousands of possible sentences between 31 and 139 years. But the California Court of Appeal also concluded that the prosecutor's use of the word "anywhere" was "unlikely to have been understood literally by jurors." Instead, it was "most reasonably understood as indicating that the trial court was not required to sentence Hunter to the maximum if he testified falsely," which was accurate. Thus, the prosecutor's use of the word "anywhere"—rather than "somewhere"—did not so infect Grant's trial with unfairness as to make his conviction a denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Moreover, Hunter testified that it was *his* understanding that only two options were available: "either 31 or 139-to-life." In other words, the jury was able to account for the incentives at play *as Hunter understood them* when assessing the motives behind, and credibility of, Hunter's testimony.

4

For these reasons, Grant also cannot show "actual prejudice." *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38 (1993); *United States v. McChristian*, 47 F.3d 1499, 1508 (9th Cir. 1995) ("[P]rosecutorial misconduct invites reversal if it appears more probable than not that the alleged misconduct affected the jury's verdict." (citation omitted)).

**AFFIRMED.**